PER CURIAM: *
Antonio Mora-Martinez (A.KA.“Ruiz”) appeals his 84-month sentence for being an alien unlawfully found in the United States after deportation, in violation of 8 U.S.C. § 1326(a) and (b). Ruiz argues for the first time on appeal that the district court erred when it enhanced his base offense level by 16 levels because his prior Texas conviction for burglary of a habitation does not qualify as a crime of violence for purposes of U.S.S.G. § 2L1.2(b)(l)(A)(ii). The district court did not plainly err when it determined that burglary of a habitation was a crime of violence for purposes of assessing a 16-level increase under § 2L1.2(b)(l)(A)(ii). See United States v. Garcia-Mendez, 420 F.3d 454, 456-57 (5th Cir.2005), cert. denied, — U.S. -, 126 S.Ct. 1398, 164 L.Ed.2d 100 (2006). Ruiz’s argument that Garciar-Mendez is contrary to this court and the Supreme Court’s precedent is unavailing. See United States v. Ruiz, 180 F.3d 675, 676 (5th Cir.1999).
Ruiz argues that his sentence must be vacated and his case remanded for re-sentencing because the district court committed reversible error by sentencing him pursuant to a mandatory Sentencing Guidelines regime in light of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The district court’s sentence pursuant to a mandatory Guidelines scheme constitutes Fanfan error. See United States v. Walters, 418 F.3d 461, 463-64 (5th Cir.2005). Because the sentencing transcript is silent regarding whether the district court would have imposed the same sentence had the Guidelines been advisory, the Government has failed to meet its burden of proving beyond a reasonable doubt that the district court would have imposed the same sentence had the Guidelines been advisory only. See id. at 464.
Ruiz argues that the “felony” and “aggravated felony” provisions of § 1326(b) are unconstitutional. Ruiz’s constitutional challenge to § 1326(b) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Ruiz contends that Almendarez-Torres was incorrectly deeid *615 ed and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, — U.S.-, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Ruiz properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for farther review.
Accordingly, we AFFIRM Ruiz’s conviction, VACATE his sentence, and REMAND the case for resentencing.

 Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.